IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMMIE MAYS, JR., <br> TDCJ #524002, | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. H-06-3843 |
| NATHANIEL QUARTERMAN, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, | § <br> § <br> § <br> § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Sammie Mays, Jr., is in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Mays has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a 1989 state court felony conviction. He has also filed a memorandum of law and a motion for leave to proceed *in forma pauperis*. After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

I.   BACKGROUND

Mays reports that he was convicted on August 14, 1989, pursuant to his plea of *nolo contendere* in the 339th District Court of Harris County, Texas, to charges of aggravated sexual assault of a child. As a result, Mays received a thirty-five year prison sentence. The conviction was affirmed on direct appeal. *See Mays v. State*, No. 01-89-00841-CR (Tex.

App. — Houston [1st Dist.] June 21, 1990). Mays did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

On May 30, 2006, which is nearly sixteen years after the judgment became final, Mays sought a state writ of habeas corpus to challenge his 1989 conviction. The Texas Court of Criminal Appeals denied relief on July 26, 2006. Several months later, on November 28, 2006,[1] Mays executed the pending federal petition for a writ of habeas corpus. He reportedly raises the same claims asserted in state court. According to the petition and supporting memorandum, Mays argues that he is entitled to relief from his 1989 conviction for the following reasons: (1) his DNA was seized at the Ben Taub Hospital in violation of the Fourth Amendment; and (2) he was denied effective assistance of counsel because his attorney failed to (a) properly investigate allegations of police brutality; (b) to subpoena medical records from Ben Taub Hospital; and (c) to call unidentified witnesses.

At the outset, the Court finds that the petition is subject to dismissal because it is barred by the governing one-year statute of limitations. Alternatively, the claims presented by Mays do not merit a federal writ of habeas corpus in this instance for reasons discussed briefly below.

---

[1] Although the Clerk's Office recorded the petition as filed on December 4, 2006, Mays executed the petition on November 28, 2006, indicating that he placed his pleadings in the prison mail system on that same day. For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).

## II.  DISCUSSION

### A.  The One-Year Statute of Limitations

Mays's challenge to his 1989 conviction is untimely. According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996 are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). Because Mays challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mays entered his plea of *nolo contendere* on August 14, 1989, and his conviction was affirmed on direct appeal on June 21, 1990. Although Mays did not file a petition for discretionary review with the Texas Court of Criminal Appeals, his time to do so expired thirty days later on or about July 21, 1990, meaning that his conviction became final on that date.

Federal habeas corpus petitioners whose convictions became final before the AEDPA's effective date of April 24, 1996, were afforded a one-year grace period to file their claims for relief in federal court. *See United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999) (discussing a habeas corpus application filed under 28 U.S.C. § 2255). Therefore, Mays had until April 24, 1997, to seek a federal writ of habeas corpus. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citing *Flanagan*, 154 F.3d at 201-02). The pending federal habeas petition, executed by Mays on November 28, 2006, exceeds the grace period by over nine years.

Given the length of time that Mays waited to challenge his 1989 conviction, he is not eligible for any tolling — statutory or otherwise.[2] Accordingly, the petition is barred by the governing one-year statute of limitations. More importantly, the petition must be dismissed for an alternative reason discussed more fully below.

### B. All of the Petitioner's Claims Were Waived

Mays entered a plea of *nolo contendere* in this case. "Under Texas law, a plea of no contest, or *nolo contendere*, has the same legal effect in a criminal proceeding as a plea of guilty: 'Such a plea before a jury admits the existence of all facts necessary to establish guilt and constitutes a waiver of the appellant's [constitutional] complaint.'" *Cook v. Lynaugh*, 821 F.2d 1072, 1075 (5th Cir. 1987) (quoting *Allen v. State*, 474 S.W.2d 480, 482 (Tex. Crim. App. 1972)); *see also Carter v. Collins*, 918 F.2d 1198, 1200 n.1 (5th Cir. 1990) (observing that a plea of nolo contendere is an admission of guilt, and therefore the law applicable to guilty-plea proceedings applies where a plea of no contest is entered).

As a general rule, "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). A plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal.

---

[2]   As noted above, the conviction became final in 1990, and Mays did not submit a state application for a writ of habeas corpus to challenge that conviction until May 30, 2006. After the Texas Court of Criminal Appeals denied relief on July 26, 2006, Mays waited four additional months to sign and submit his pending federal habeas corpus petition on November 28, 2006.

*See Bradshaw v. Stumpf*, — U.S. —, 125 S. Ct. 2398, 2407 (2005). Rather, the validity of a plea may be challenged only on the grounds that it was made on the constitutionally defective advice of counsel or that the defendant could not have understood the terms of the bargain to which he agreed. *See id*. (citations omitted). Thus, by pleading guilty to an offense a criminal defendant waives all non-jurisdictional defects preceding the plea. *United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993). This includes those claims for ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *See United States v. Glinsey*, 200 F.3d 386, 392 (5th Cir. 2000).

In this case, Mays seeks a federal writ of habeas corpus on the grounds that his DNA was unlawfully seized in violation of the Fourth Amendment. Mays alleges further that he was denied effective assistance of counsel because his attorney failed to properly investigate allegations of police brutality, to secure medical records, or to call unidentified witnesses. The petition filed by Mays does not include a claim that his decision to plead guilty was involuntarily or unknowingly made. His allegations do not otherwise call into question the validity or voluntariness of the guilty plea. Because all of these claims were waived by his presumptively valid guilty plea, the petition filed by Mays does not state a claim for which relief can be granted. It follows that Mays is not entitled to a federal writ of habeas corpus and that his petition must be denied.

### III.  **CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the AEDPA,

5

codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring

further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons outlined above, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has articulated a constitutional violation.  Therefore, a certificate of appealability will not issue.

IV. **CONCLUSION AND ORDER**

Therefore, based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* (Doc. #3) is **GRANTED**.

2. The federal habeas corpus petition is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on December 7, 2006.

_____
Nancy F. Atlas
United States District Judge